IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) Case No. 11-CR-30046-MJR
)
ARMANDO MURILLO, )
)
    Defendant. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

On March 12, 2012, Defendant Armando Murillo filed a letter, which the Court construed as a motion for credit towards Murillo's sentence for time served (Doc. 949). Murillo states that he was in custody for approximately 13 months prior to charges being brought in the instant case. He asserts that, pursuant to 18 U.S.C. § 3585(b), he is entitled to credit toward the service of a term of imprisonment for any time spent in official detention prior to the date his sentence commences "as a result of the offense for which the sentence was imposed … that has not been credited against another sentence." Murillo submits that he has been in custody that has not been credited against any other sentence since March 4, 2010, for cocaine activities that comprise Count 22 of the superseding indictment.

It is well-established that § 3585(b) does not authorize a district court to award credit at sentencing. ***United States v. Wilson,* 503 U.S. 329, 333 (1992)**. As the Supreme Court stated in ***Wilson***, Congress's use

of a verb tense is significant in construing statutes. ***Id.* (citations omitted)**. The Court explained,

> Section 3585(b) indicates that a defendant may receive credit against a sentence that "*was imposed.*" It also specifies that the amount of the credit depends on the time that the defendant "*has spent* " in official detention "prior to the date the sentence commences." … By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

***Id*. (emphasis in original)**. ***See also United States v. Holland,* 362 Fed.Appx. 548, 550 (7th Cir. 2010) (Where the defendant questioned whether he was entitled to credit under § 3585(b) for his time spent in state custody that was not applied to his state sentence, "it is the Bureau of Prisons, not the sentencing court, that computes the credit due under § 3585(b).").**

For these reasons, the Court **DENIES** Defendant Murillo's motion for credit towards his sentence for time served (Doc. 949).

IT IS SO ORDERED.

DATED March 16, 2012

                                                                                                        s/Michael J. Reagan  
                                                                                                         MICHAEL J. REAGAN  
                                                                                                         United States District Judge